**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                       Case No. 3:11-cr-247-J-37JBT-2

MELISSA RAE BRADFORD.

**ORDER**

This cause is before the Court on an untitled motion (Doc. 185) filed by Defendant Melissa Rae Bradford on July 27, 2016. Upon consideration, the Court finds that the motion is due to be denied.

On November 22, 2011, Defendant Melissa Rae Bradford ("**Bradford**") pled guilty to, and the Court adjudicated her guilty of, one count of conspiracy to manufacture five or more grams of methamphetamine. (*See* Docs. 52, 54, 1.) At sentencing, Bradford's initial criminal offense level was 33 with a criminal history category of two, resulting in an initial guideline range of 151 to 188 months' imprisonment. (*See* Doc. 165, p. 1.) After the Court granted the Government's substantial assistance motion (Doc. 118), Bradford's criminal offense level was reduced to 31, yielding an applicable guideline range of 121 to 151 months' imprisonment ("**Applicable Guideline Range**"). (*See* Doc. 129; *see also* Doc. 165, p. 1.) The Court then granted Bradford a one-level downward variance ("**Variance**"), resulting in a guideline sentence of 108 to 135 months' imprisonment

("**Variance Guideline Range**"). (*See* Doc. 165, p. 1) The Court ultimately sentenced Bradford to 108 months' imprisonment ("**Original Sentence**")—a term at the bottom of the Variance Guideline Range. (*See* Docs. 129, 130.)

Bradford subsequently moved for a sentence reduction pursuant to Amendment 782 of the United States Sentencing Guidelines ("**782 Motion**"). (Docs. 151, 170.) The 782 Motion was unopposed. (*See* Doc. 170.) Ultimately, on July 13, 2015, the Court granted the 782 Motion and reduced Bradford's sentence to a term of 97 months' imprisonment ("**Amended Sentence**") (*see* Doc. 171 ("**July 13 Order**")). In calculating the Amended Sentence, the Court was not authorized to grant Bradford a downward variance as it had previously done in determining her Original Sentence. (*See* Doc. 165, p. 1); *see also United States v. Marroquin-Medina*, 817 F.3d 1285, 1290 (11th Cir. 2016).

Bradford now moves for an additional sentence reduction. (Doc. 185 ("**Instant Motion**").) The only authority cited by the Instant Motion is *Marroquin-Medina*, in which the U.S. Court of Appeals for the Eleventh Circuit held that a district court commits procedural error by incorrectly concluding that a percentage-based reduction is the only permissible method of calculating a reduction under Amendment 782. (Doc. 185 (citing *Marroquin-Medina*, 817 F.3d at 1292–93).) Based on this authority, Bradford requests a two-level reduction from the Original Sentence in lieu of the percentage-based reduction that she requested in her 782 Motion. (Doc. 185.) In support, Bradford alludes to the fact that, pursuant to the holding in *Marroquin-Medina*, her co-defendant—Richard Olin Dunn ("**Dunn**")—received a level-based reduction after the Eleventh Circuit reversed the Court's prior order granting Dunn a percentage-based reduction. (*See id.*; *see also* Docs. 182–84.) Bradford also points out that Dunn's original sentence was higher than

hers, while his amended sentence is lower than hers. (Doc. 185.)

The Instant Motion is not well taken. First, *Marroquin-Medina* is inapplicable here. In the July 13 Order, the Court did not conclude that it was required to apply a percentage-based reduction rather than a level-based reduction. Additionally, although Bradford requested a percentage-based reduction in her 782 Motion (*see* Doc. 170), she received an Amended Sentence that was equal to a two-level reduction from her Applicable Guideline Range. Indeed, the Applicable Guideline Range was 121 to 151 months' imprisonment based on an **offense level 31** and a criminal history category of two. (*See* Doc. 165, p. 1.) In the July 13 Order, Bradford received an Amended Sentence of 97 months' imprisonment (*see* Doc. 171)—a term equal to the bottom of the guideline range based on an **offense level of 29** and a criminal history of two. Any perceived inequity between Bradford and Dunn's amended sentences is likely a product of the fact that: (1) Bradford was not entitled to receive a downward variance under Amendment 782 comparable to the Variance received in her Original Sentence; and (2) her criminal history category is simply higher than Dunn's (*compare id.* (reporting a criminal history of one)), *with* Doc. 154, p. 1 (reporting a criminal history category of two). In light of the foregoing, the Court finds that Bradford is not entitled to a further sentence reduction under Amendment 782.

As a final matter, Bradford also requests that the Court consider her incident-free behavior in prison. (Doc. 185.) However, she provides no authority upon which the Court may reduce her sentence at this time based on such factors. Consequently, the Instant Motion is due to be denied in its entirety.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's untitled

Motion (Doc. 185) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 29, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro se* party